THE PEOPLE OF THE STATE OF NEW YORK. Respondent, *v.* SCHIHIOK JUGIGO, *alias* SCHIBUYA JURIGO, Appellant.

*Court of Appeals, June 9, 1891.*

1. *Appeal. Frivolous.*—When, in a criminal action, all the forms of law have been observed, the defendant has had every opportunity to make his defense, and his conviction has been affirmed by the highest Court of the State, the contest in the Courts should end.
2. *Same.*—Attorneys and counselors cannot consistently with their duty engage in vexatious proceedings merely for the purpose of undermining the final judgments of the Courts and defeating the behests of the law.
3. *Same.*—Whether they do not, in such case, expose themselves to the disciplinary powers of the Supreme Court, *quaere.*

Motion for reargument.

*John R. Heinzelman,* for appellant.

*McKenzie Semple,* for respondent.

PER CURIAM.—In December, 1889, the defendant was convicted of murder in the first degree. He appealed to this court and his case was argued in June, 1890, a few days before the summer recess. The judgment was here affirmed October 7, 1890, and the following opinion was then written: " The record does not contain a single exception, and we are unable to perceive any reason for bringing the appeal except to delay the execution of the judgment. The evidence established beyond any doubt the commission of the crime, and the charge of the judge was fair and properly instructed the jury upon the law needful for their guidance. There can be no pretense for saying that the ends of justice require a new trial, and the judgment should be affirmed.

The subsequent proceedings in the case on behalf of the defendant have been discreditable to the administration of justice. His case has been twice to the supreme court of the United States, and is now here for the third time, and thus the courts have been needlessly vexed for no possible purpose except delay.

Upon this occasion a motion is made for a reargument of the case after a lapse of nearly a year from the original argument, upon pretext manifestly frivolous, and for which there can be no possible excuse or justification, and which will not now be dignified by any further notice.

When all the forms of law have been observed and the defendant has had every opportunity to make his defense and his conviction has been affirmed by the highest court of the state, the contest in the courts should end, and the final judgment should be executed, unless the governor of the state, in the exercise of his clemency, should grant a reprieve or a pardon. The forms of law should not be used to subvert the criminal law of the state.

Attorneys and counsellors admitted to practice in the courts of this state are under a duty to aid in the administration of justice, and they cannot, consistently with this duty, engage in vexatious proceedings merely for the purpose of undermining the final judgments of the courts and defeating the behests of the law. It ought to be a subject of inquiry, therefore, whether they can thus become the allies of criminal classes and the foes of organized society without exposing themselves to the disciplinary powers of the supreme court. The motion is denied.

All concur.